## The final accounting in FRANCIS T. LUQUEER's Estate.

A BALANCE of money left by a testator with his sons, who had succeeded to his former business.—Held, under the circumstances, to have been intended as a loan to them.

A testator having moneys in the hands of his sons, refers to such moneys, in his will, as "lent or advanced."—Held, that the circumstances did not constitute an "advancement," as described in our statute.

EDWARD DEWITT, *for Robert and Francis T. Luqueer.*

A. W. BRADFORD, *for executors.*

THE SURROGATE. The testator, until the year 1843, conducted the business of saddlery hardware, in which he was in that year succeeded by his sons, John A. and Robert S.; his sons, in purchasing his business, became indebted to their father, the testator, in the amount of upwards of $40,000.

Afterward, in 1855, John A., one of the sons, retired, and the business was continued by Robert, who assumed, individually, the debt due to the testator, then reduced to about $20,000, and who took in as partner his younger brother, Francis, to whom, for that purpose, the testator advanced $8,000.; these two amounts are the sums referred

to in the will, as the sums "loaned" by the testator to his sons Robert and Francis.

The firm, as thus constituted, continued till the testator's death, and after.

The testator also deposited moneys with the last mentioned firm, and from time to time withdrew it, as he required to use it. A book account was kept of these moneys, in which he was credited with what was received from him, and charged with what was paid him, or on his account; a balance always remained in his favor, and at the time of his death this balance amounted to $        ; this balance was used by the last named firm in their business.

Such being the condition of his affairs with his sons, the testator died leaving a will, in which he provides, among other things, as follows :

" Fourth. It is my will that the sum of $20,000, which I have loaned to my son, Robert S. Luqueer, and which he still owes me, and the sum of $8,000, which I have loaned to my son, Francis T. Luqueer, and which he still owes me, or so much of said two sums of money as may be owing to me by my said two sons respectively, may be retained by them until the final distribution of my said estate ; they paying interest thereon at the rate of six per centum per annum, payable half-yearly to my said executors, which interest shall be paid and distributed by my said executors as part of the income of my residuary estate. And, in the final distribution of my estate, my said sons, Robert S. and Francis T., shall be each charged with the sum owing by them respectively, and the interest that may be due thereon ; and the same shall be taken by them as part of their respective distributive shares. If the shares of either of my said sons in my said residuary estate shall be less than the amount of his indebtedness, my will is that such son shall pay the difference to my executors. In case of the death of either of my said sons before the distribution

of my said residuary estate, then my will is that the amount due from my son so dying, shall immediately become due and payable. I now hold promissory notes of my said sons, Robert S. and Francis T., which represent such indebtedness.

"Fifth. In the event either of my children are indebted to me at the time of my decease, for money lent or advanced to them, and in the event I shall make further advances or loans to my said two sons, Robert S. and Francis T., in addition to the sums lent above stated, then my will is that my children, to whom I shall make such loans or advances, shall be permitted to retain the same on the same conditions as I have stated with respect to the money lent to my said two sons, Robert S. and Francis T., in the fourth clause of this, my will."

The question arising in the settlement of these accounts, is this : is the balance of moneys deposited by the testator with the firm consisting of his sons, Robert and Francis, remaining with them to his credit at the time of his death, to be considered as "further advances or loans," as spoken of in the fifth clause, made to them, in addition to the sums of $20,000 and $8,000, mentioned in the fourth clause? The "final distribution" of the estate, until when the "further advances or loans" may be retained by his children, is fixed by the will to be made at the death of testator's widow.

It is argued that this sum or balance was due, not by the sons, Robert and Francis individually, but by their firm ; and that, moreover, there was no loan or advance made by the testator to Robert or Francis, whereby these funds came to their hands, but a simple deposit with their firm of moneys to be drawn out at pleasure.

I do not think a distinction can be made between the sons, Robert and Francis, and the firm composed solely of the sons, Robert and Francis. The testator advanced or loaned the moneys in question to his sons, and his sons are expressly required by his will to account for them.

He uses the words "advances or loans" in the sense of payment or delivery of money for the purpose of a loan, as distinguished from the sense of an advancement from a parent to a child for a settlement in life. In the latter case, no payment is expected; the advancement is to be deducted from the share of the child advanced, on the distribution of the parent's estate. But if the advancement have exceeded the distributive share, there is no obligation to refund the excess to the estate.

The testator, then, intended that all the moneys he might advance or loan to his children should be taken as assets of his estate, but that they might be retained by them respectively till the final distribution, they paying interest in the meantime. The sons, Robert and Francis, had succeeded to the same business he had himself established and conducted with success; he naturally felt a pride and interest in their success, and, in order to assist in it, he intended to give them a liberal use of the means of his estate.

There can be no doubt, from the circumstances of this case, that the testator made use of these words "advances or loans," with a direct reference to these very moneys which he had in the hands of Robert and Francis. His use of these words precludes the suggestion that these moneys were a deposit, instead of a loan.

It is argued that this sum or balance was a deposit, because a deposit is a transaction as to which the depositor must make his demand for payment, while a debt involves an obligation in the debtor to seek out his lender and tender payment of the debt. But the nature of the present transaction is much more positively defined by the fact that the sons used the moneys received from their father, in the carrying on of their own business, and with his knowledge and consent. This they could not have done, had their receipt of these moneys been merely a deposit on his part. He allowed them to subject the moneys to the vicissitudes of their trade, by which he has

shown that he considered them to be moneys loaned to them, not held on mere deposit for him. The fact that a balance always remained with them, and actually existed in his favor at the time of his death, goes still further to stamp the transaction as a loan.

My conclusion, therefore, is first, that the words "advances or loans" means simply loans; and secondly, that the balance in the hands of Robert and Francis was considered by the testator and intended to be described by him under that designation. They are, therefore, to be decreed entitled to retain that sum at interest, until the final distribution of the estate, on their mother's death.